TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 792-3501

Attorneys for Plaintiff,
MYGO, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYGO, LLC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MISSION BEACH INDUSTRIES, LLC, a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. **'16CV2350 GPC RBB**<br><br>**COMPLAINT FOR:**<br><br>**1) PATENT INFRINGEMENT;**<br>**2) FEDERAL FALSE MARKING;**<br>**3) FALSE ADVERTISING;**<br>**4) COMMON LAW UNFAIR COMPETITION; AND**<br>**5) CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff MyGo, LLC ("MyGo") hereby complains of Defendant Mission Beach Industries, LLC ("MBI") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement and false marking under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. and related federal, state and common law causes of action.

## THE PARTIES

2. MyGo is a California limited liability corporation with its principal place of business located at 3031 Award Row, San Diego, CA 92122.

3. MyGo is informed and believes and based thereon alleges that MBI is a California limited liability corporation with its principal place of business located at 1603 Beryl Street, San Diego, CA 92109. MBI may be served via its registered agent for service, Byron Kip Rohrer, at 1603 Beryl Street, San Diego, CA 92109.

4. MyGo is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. MyGo will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained. MyGo is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because MyGo's claims for patent infringement, false marking, and false advertising arise under the laws of the United States, 35 U.S.C. § 271, 35 U.S.C. § 292, and 28 U.S.C. § 1125(a). This Court has supplemental jurisdiction over MyGo's state and common law claims under 28 U.S.C. § 1367(a) because the state and common law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over MBI because it resides in this District

and has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by selling and offering for sale infringing products to consumers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to MyGo's claims.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because MBI resides in this District and has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by selling and offering for sale infringing products to consumers and/or retailers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to MyGo's claims. In addition, venue is proper because MyGo's principal place of business is in this District and MyGo suffered harm in this District. All pertinent witnesses are also located in this District.

**GENERAL ALLEGATIONS**

8. Founded in 2014, MyGo designs and sells, among other innovative products, the patented MyGo Mouth Mount for GoPro® action cameras. The MyGo Mouth Mount (shown

 

-2-

**COMPLAINT**

above left with GoPro camera; disassembled view shown above right) is a camera mouth mount that has a comfortable rubber mouthpiece, bite supports for stable footage, a massive air channel for unrestricted breathing, and a low profile lanyard. The MyGo Mouth Mount has been adopted by numerous action enthusiasts and affords a first person view of the action enthusiast's viewpoint.

9. On July 5, 2016, the United States Patent & Trademark Office (PTO) duly and lawfully issued United States Patent No. 9,383,630, entitled "Camera Mouth Mount" ("the '630 patent"). MyGo is the owner by assignment of the '630 patent, a copy of which is attached hereto as Exhibit A. The '630 patent issued from United States Patent Application No. 14/639,040 ("the MyGo patent application"), which was filed on March 4, 2015, and claims priority to United States Provisional Patent Application No. 61/948,308, filed on March 4, 2014. The MyGo patent application was published on September 10, 2015, as United States Patent Application Publication No. 2015/0253651 ("the MyGo published patent application"), a copy of which is attached hereto as Exhibit B. MyGo owns all rights to the '630 patent via an Assignment, which was recorded at the PTO on May 19, 2015, at Reel/Frame 035678/0930.

10. MBI is and has been making, using, selling, offering for sale, and importing a number of camera mouth mount products that infringe the '630 patent, including without limitation MBI's Dummy Mount (in various colors), Dummy Mount Kit, Dummy Bundle Kit (in various colors), and Dummy V2 Mouth Mount (shown below with and without GoPro camera) (collectively, the "Accused Products"). The Accused Products may be purchased directly from MBI online through its respective website (e.g., http://www.dummymount.com/shop/) and third




party websites, or from various retailers in this District, including Birds Surf Shop and South Coast Surf Shop in San Diego (among others), as well as various retailers in Hawaii, North Carolina, Florida, New York, New Jersey, Virginia, Australia, New Zealand, Japan, South Africa, France, and Germany.

11. On May 14, 2014, via social media, MyGo informed MBI of the MyGo patent application, MyGo's potential patent rights, and MBI's potential infringement liability.

12. MBI sought its own patent via United States Patent Application No. 14/698,700 ("the MBI patent application"), entitled "Video Mouthpiece Apparatus and Method of Making Same," which was filed on April 28, 2015, and claims priority to United States Provisional Patent Application No. 61/985,461, which was filed on April 29, 2014.

13. The effective filing date of the MyGo patent application predates the effective filing date of the MBI patent application. Therefore, the MyGo published patent application is prior art to the subject matter of the MBI patent application under 35 U.S.C. § 102(a)(2). On January 20, 2016, MyGo's PTO representative submitted a Third-Party Submission Under 37 C.F.R. § 1.290 in the MBI patent application to notify the PTO to consider the MBI published patent application as prior art. On February 3, 2016, the PTO issued an Office Action rejecting all pending claims of the MBI patent application as being anticipated by numerous prior art references. No response was submitted by MBI. Accordingly, on August 2, 2016, the PTO issued a Notice of Abandonment noting MBI's failure to file a reply to the February 3rd Office Action. A copy of the file history of the MBI patent application is attached hereto as Exhibit C. On its face, MBI's abandonment of the MBI patent application was intentional.

14. According to the PTO's online and publicly accessible Patent Application Information Retrieval (PAIR) system, MBI has not filed any patent application continuations nor petitioned for withdrawal of the PTO's abandonment of the MBI application. Thus, there is no possibility of MBI obtaining patent rights or having currently pending patent rights on the Accused Products. On information and belief, MBI has no patents pending whatsoever.

15. Despite having no pending patent rights, MBI advertises on its website that it has "Patents Pending" in connection with the Accused Products. A copy of MBI's website as it

appeared on September 14, 2016, is attached hereto as Exhibit D ("Patents Pending" is emphasized by a red box annotation).

## **FIRST CLAIM FOR RELIEF**

## **(Infringement of U.S. Patent No. 9,383,630)**

## **(35 U.S.C. §§ 154 and 271)**

16. MyGo repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

17. This claim is for patent infringement arising under the Patent Laws of the United States, Title 35.

18. Since May of 2015, MyGo has marked its packaging of the MyGo Mouth Mount with "patent pending." MyGo is currently updating its product manufacturing and product packaging processes to include "United States Patent No. 9,383,630" or the like on the MyGo Mouth Mount and its packaging. Since its inception, "patent pending" has appeared on MyGo's website up until around the issue date of the '630 patent when the website was revised to note "Patent # 9383630" in connection with the MyGo Mouth Mount. *See*, *e.g.*, http://www.mygomount.com/products/mygo-mouth-mount-for-gopro.

19. MBI, by and through its agents, officers, directors, resellers, retailers, employees and servants, has been and is currently willfully and intentionally infringing the '630 patent by making, using, offering to sell, selling, and importing into the United States the Accused Products, which embody one or more claims set forth in the '630 patent.

20. For example, the accused Dummy Mount product meets all the limitations set forth in claim 16 of the '630 patent. A chart identifying specifically where each limitation of claim 16 is found in MBI's Dummy Mount is attached hereto as Exhibit E. This infringement chart is based on MyGo's current understanding of the Dummy Mount, which only considers publicly available information. The chart does not set forth all of MyGo's infringement theories – the Dummy Mount embodies other claims set forth in the '630 patent.

21. For example, the accused Dummy V2 Mouth Mount product meets all the limitations set forth in claim 1 of the '630 patent. A chart identifying specifically where each

-5-

**COMPLAINT**

limitation of claim 1 is found in MBI's Dummy V2 Mouth Mount is attached hereto as Exhibit F. This infringement chart is based on MyGo's current understanding of the Dummy V2 Mouth Mount, which only considers publicly available information. The chart does not set forth all of MyGo's infringement theories – the Dummy V2 Mouth Mount embodies other claims set forth in the '630 patent.

22. MyGo reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Pursuant to CivLR 3.1, MyGo will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement charts submitted herewith).

23. On information and belief, MBI became aware of the MyGo patent application on May 14, 2014, via social media.

24. At least as early as January 20, 2016, if not sooner, MBI had actual notice of the MyGo published patent application and MyGo's provisional patent rights. One or more of the Accused Products embody one or more claims set forth in the MyGo published patent application. The invention as claimed in the '630 patent is substantially identical, if not identical, to the invention as claimed in the MyGo published patent application. For example, independent claim 18 as presented in the MyGo published patent application is identical to independent claim 13 in the '630 patent. Pursuant to 35 U.S.C. § 154(d) and by reason of MBI's pre-issuance infringing acts, MyGo is entitled to at least a reasonable royalty for MBI's infringing activities occurring between September 10, 2015, and the issue date of the '630 patent, i.e., July 5, 2016.

25. Defendants' acts of infringement were undertaken without permission or license from MyGo. After receiving actual notice of the MyGo patent application and/or the MyGo published patent application, MBI continued its commercialization of the Accused Products despite an objectively high likelihood that its actions constituted infringement of a valid patent (or soon-to-be-issued patent) and/or MyGo's provisional patent rights under the MyGo published patent application. Accordingly, Defendants' acts constitute willful infringement in violation of 35 U.S.C. § 271.

-6-

**COMPLAINT**

26. MyGo is informed and believes and based thereon alleges that Defendants' infringement of the '630 patent will continue unless enjoined by this Court.

27. Sales of the Accused Products drive sales of all other MBI products including, but not limited to MBI's Dummy Leash, Dummy Float (in various colors), Dummy Screw (in various colors), Dummy Surfy Stick Handgrip Kit, Cowabunga Cord Leash, Dummy Surfy Stick, and Hero 4 Session Floaty (collectively, "Collateral Products"). The Collateral Products are sold and marketed together with the Accused Products. Many, if not all, of the Collateral Products form a single assembly or functional unit with one or more of the Accused Products. The Collateral Products also have a marketing and financial dependence on the Accused Products. MyGo is entitled to its lost profits or a reasonably royalty on MBI's sales of the Collateral Products.

28. But for MBI's infringement, MyGo would have sold its MyGo Mouth Mount and other unpatented products (e.g., Mouthpieces, Extension Pole, Floaty Extension Pole, MyGo Aluminum Thumb Screw, MyGo Floaty Back, and Pro Armband Leash) to all of MBI's customers or a substantial portion thereof, and MyGo is entitled to its lost profits.

29. By reason of the foregoing infringing acts, MyGo has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284 in an amount to be determined at trial. In addition, pursuant to 35 U.S.C. § 284, MyGo is entitled to enhanced and treble damages against MBI together with interest at the maximum legal rate and costs as fixed by the Court.

30. In addition, MyGo is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

31. Because of the aforesaid infringing acts, MyGo has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Marking)**

**(35 U.S.C. § 292)**

32. MyGo repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

33. This claim is for false patent marking arising under the Patent Laws of the United States, Title 35.

34. MBI uses in advertising in connection with the Accused Products, the words "Patents Pending" when no MBI patent application is pending. In fact, MBI's previously pending patent rights were intentionally abandoned by failing to respond to numerous rejections set forth in the PTO's Office Action, mailed February 3, 2016.

35. MBI used and continues to use the words "Patents Pending" for the purposes of deceiving the public and consumers. MBI does not have a reasonable belief that its website and the Accused Products were properly marked "Patents Pending."

36. As a result of MBI's false marking, MyGo has suffered a competitive injury. For example, but for MBI's use of the words "Patents Pending" since August 2, 2016, MyGo would have sold its MyGo Mouth Mount to MBI's customers or a substantial portion thereof.

37. Pursuant to 35 U.S.C. § 292, MyGo is entitled to damages adequate to compensate for its competitive injury in an amount subject to proof at trial, but in excess of the jurisdictional requirement of the Court.

38. MBI wrongfully and illegally advertises pending patent rights in which it does not possess and, as a result, has benefited commercially and financially, to MyGo's detriment, by maintaining false statements of pending patent rights.

### THIRD CLAIM FOR RELIEF

**(False Advertising under 28 U.S.C. § 1125(a))**

39. MyGo realleges and incorporates by reference the foregoing allegations as though set forth fully herein.

40. This claim is for the false advertising under the Lanham Act § 43(a) (28 U.S.C. § 1125).

41. The acts of MBI alleged herein, including falsely advertising "Patents Pending" in connection with the Accused Products for the purpose of increasing sales and profits, constitute false advertising in violation of 28 U.S.C. § 1125. MBI knew that its "Patents Pending" statements were false and misleading.

-8-

**COMPLAINT**

42. MBI's advertisements of "Patents Pending" in connection with the Accused Products deceives or has the tendency to deceive consumers and is for the purpose of inducing, or is likely to induce, directly or indirectly, the purchase of the Accused Products and Collateral Products from MBI.

43. Advertising "Patents Pending" influences purchasing decisions by potential consumers.

44. MBI placed its false "Patents Pending" statements into interstate commerce.

45. MyGo has been or is likely to be injured as a result of MBI's false "Patents Pending" statements, either by direct diversion of sales to MBI or by a lessening of goodwill associated with MyGo's products.

46. As a direct and proximate result of the aforesaid false statements, MyGo has and will continue to suffer great harm and damage. MyGo has incurred and will continue to incur irreparable harm unless MBI is enjoined from further commission of false advertising.

47. As a result of MBI's misconduct, MyGo has been damaged in an amount subject to proof at trial, but in excess of the jurisdictional requirement of the Court. At a minimum, however, MyGo is entitled to injunctive relief, corrective advertising at MBI's expense, and reasonable attorney's fees and costs.

## **FOURTH CLAIM FOR RELIEF**

### **(Common Law Unfair Competition)**

48. MyGo realleges and incorporates by reference the foregoing allegations as though set forth fully herein.

49. This claim is for unfair competition under California common law.

50. The acts of MBI alleged herein, including falsely advertising "Patents Pending" in connection with the Accused Products for the purpose of increasing sales and profits, constitute unlawful, unfair, and fraudulent business practices in violation of California common law.

51. As a direct and proximate result of the aforesaid deceptive business practices, MyGo has and will continue to suffer great harm and damage. MyGo has incurred and will continue to incur irreparable harm unless MBI is enjoined from further commission of unfair and

unlawful business acts and practices.

52. As a result of MBI's misconduct, MyGo has been damaged in an amount subject to proof at trial. At a minimum, however, MyGo is entitled to injunctive relief and an accounting of MBI's profits. Further, in light of the deliberately malicious use of "Patents Pending," MyGo is also entitled to punitive and exemplary damages.

## FIFTH CLAIM FOR RELIEF

### (Statutory Unfair Competition)

### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

53. MyGo realleges and incorporates by reference the foregoing allegations as though set forth fully herein.

54. This claim is for statutory unfair competition in violation of California Business & Professions Code § 17200 *et seq*.

55. The acts of MBI alleged herein, including falsely advertising "Patents Pending" in connection with the Accused Products for the purposes of increasing sales and profits, constitute unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq*.

56. As a direct and proximate result of the aforesaid deceptive business practices, MyGo has and will continue to suffer great harm and damage. MyGo has incurred and will continue to incur irreparable harm unless MBI is enjoined from further commission of unfair and unlawful business acts and practices.

57. MyGo is informed and believes and based thereon alleges that by virtue of Defendants' acts of unfair competition in violation of California Bus. & Prof. Code § 17200 *et seq.*, MBI has derived and continues to derive gains, profits and advantages in an amount subject to proof at trial, but in excess of the jurisdictional requirement of the Court.

58. Due to Defendants' acts constituting unfair competition, MyGo has suffered and continues to suffer great and irreparably injury for which there is no adequate remedy at law. MyGo is entitled to injunctive relief and restitution and disgorgement of MBI's ill-gotten gains, including MBI's profits, and to recover MyGo's damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, MyGo prays for judgment against MBI as follows:

(a) An Order adjudging MBI to have infringed the '630 patent under 35 U.S.C. § 271;

(b) An Order adjudging MBI to have willfully infringed the '630 patent under 35 U.S.C. § 271;

(c) An Order adjudging MBI to have committed false advertising under 28 U.S.C. § 1125(a).

(d) An Order adjudging MBI to have committed unfair competition;

(e) An Order adjudging MBI to have committed unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*;

(f) A permanent injunction under 35 U.S.C. § 283 enjoining MBI, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the '630 patent in violation of 35 U.S.C. § 271;

(g) A permanent injunction enjoining MBI, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from making, using, selling, offering for sale, and importing the Accused Products;

(h) An Order requiring MBI to correct its false advertising at its own expense;

(i) An award to MyGo of its lost profits or a reasonably royalty for MBI's sales of the Accused Products and Collateral Products;

(j) An award to MyGo of its actual damages due to MBI's false marking, false advertising, and/or unfair competition;

(k) An order for a trebling of damages and/or enhanced damages due to MBI's willful infringement under 35 U.S.C. § 284;

(l) Compensatory, punitive, and exemplary damages against MBI;

(m) An Order adjudicating that this is an exceptional case;

(n) An award to MyGo of all attorneys' fees and costs incurred by MyGo in connection with this action under 35 U.S.C. § 285;

(o) An award of pre-judgment and post-judgment interest and costs of this action against MBI; and

(p) For such other and further relief as the Court deems just and proper.

Dated: September 16, 2016     SAN DIEGO IP LAW GROUP LLP

By: /s/Trevor Coddington/
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff,
MYGO, LLC.

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MyGo hereby demands a trial by jury of all issues so triable.

Dated: September 16, 2016     SAN DIEGO IP LAW GROUP LLP

By: /s/Trevor Coddington/
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.

Attorneys for Plaintiff,
MYGO, LLC.