UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYGO, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MISSION BEACH INDUSTRIES, LLC, a California corporation,<br><br>Defendant. | Case No.: 3:16-cv-02350-GPC-RBB<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER [ECF NO. 14]** |

The Court recognizes that at least some of the documents, electronic data, and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such Materials as much as practically possible during the litigation. THEREFORE:

//

//

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; canceled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably useable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, secretaries, and other support staff employed in the law firms identified as follows: San Diego IP Law Group LLP and Buche & Associates, P.C.

## GENERAL RULES

4. Each party to this litigation that produces or discloses ay materials, answers to interrogatories, responses to requests for admission, trial testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its

Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party.

  b. Designation as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY": any party may use the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation only if, in the good faith belief of such party and its Counsel, such information and/or Materials is among that considered to be the most sensitive by the party, including, without limitation, trade secret or other confidential research, development, financial, or other highly-sensitive commercial or business information and/or Materials.

  8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

  a. A party may designate the deposition or any portion thereof as containing Confidential Information subject to the provisions of this Order.  Such designation shall be made on the record whenever possible, but a party shall have until fourteen (14) days after receipt of such deposition transcript to inform the adverse party of any portion(s) of the deposition and/or transcript thereof to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

  b. The disclosing party will have the right to exclude from attendance at the deposition, only during such time as information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

  c. The originals of the deposition transcripts and all copes of the depositions must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as appropriate, and the original and any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

//

9. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons permitted access in this Order and must be handled in a manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10. All Confidential Information designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be viewed only by Counsel of the receiving party and by Independent Experts. The right of any Independent Expert to receive or access any Confidential Information will be subject to the advance approval of such expert by the producing party or as approved by the Court. The party seeking approval of an Independent Expert must provide written notice to Counsel for the producing party, which notice shall include: (a) the individual's name and business title, (b) business address and country of residence, (c) business or profession, (d) the individual's curriculum vitae, (e) any previous or current relationship (personal or professional) with any of the parties, (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four (4) years, (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four (4) years and the time period(s) and brief description and subject matter of each consultancy or employment, and (h) an executed copy of the form attached hereto as Exhibit A. Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within fourteen (14) days after receipt of the identification of proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the fourteen (14) day period has expired and no objection has been made. The approval of Independent Experts shall not be unreasonably withheld.

11. All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel of the receiving party, by Independent Experts, and by the additional

individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

 a. Executives of a party who are required to participate in policy decisions with reference to this action;

 b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

 c. Stenographic and clerical employees associated with the individuals identified above;

 d. Vendors with whom Counsel of Record for the parties to this action have contracted for clerical functions, such as copying of documents or preparation of exhibits.

 12. In addition to the individuals listed above, Confidential Information designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may also be viewed by independent legal translators retained to translate in connection with this action, and mock jurors or jury consultants and/or trial consultants retained by Counsel in this action, provided, however, that any such individual identified in this paragraph has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A in advance of access.

 13. With respect to all Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" any person indicated on the face of the document to be its originator, author or the recipient of a copy of the document, may be shown the same.

 14. All Confidential Information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information and/or Material, must be retained in the custody of the Counsel of Record for the receiving party, except that Independent Experts authorized to view such information under this

//

Order may retain custody of copies such as are necessary for their participation in this litigation.

15. Before any Materials such as those produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal.

16. No items will be electronically filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material be filed with the Court under seal. Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The public redacted documents shall be filed within twenty-four hours of the Court order authorizing the filing of a document under seal.

17. At any stage of the proceedings, any party may object to the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation of any Confidential Information.  The party objecting to any such designation must notify, in writing, Counsel for the designating party of the objected-to designation of such Confidential Information and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days after receipt of such a notice of objection, then the objecting party may move the Court for a ruling on the objection.  The Confidential Information at issue shall be treated according to the designation of the producing party until the Court has ruled on the objection or the matter has been

//

1  otherwise resolved.  The burden shall be on the designating party to justify the propriety
2  of the challenged designation.

3       18.    All Confidential Information must be held in confidence by those authorized
4  by this Order to inspect or receive it, and must be used only for purposes of this action.
5  Counsel for each party, and each person receiving or accessing Confidential Information
6  must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of
7  such Confidential Information.  If Confidential Information is disclosed to any person
8  other than a person authorized by this Order, the party responsible for the unauthorized
9  disclosure must immediately bring all pertinent facts relating to the unauthorized
10 disclosure to the attention of the other parties and, without prejudice to any rights and
11 remedies of the other parties, make every effort to prevent further disclosure by the party
12 and by the person(s) receiving the unauthorized disclosure.

13      19.    No party will be responsible to another party for disclosure of Confidential
14 Information under this Order if the Confidential Information in question is not labeled or
15 otherwise designated in accordance with this Order.

16      20.    If a party, through inadvertence, produced any Confidential Information
17 without labeling or marking or otherwise designating it as such in accordance with this
18 Order, the designating party may give written notice to the receiving party that the
19 document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or
20 "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and that the document or thing
21 produced shall be treated as such in accordance with that designation under this Order.
22 The receiving party shall treat such designated Confidential Information in accordance
23 with this Order, once the designating party so notified the receiving party.  If the
24 receiving party has disclosed such Confidential Information before receiving the
25 designation, the receiving party must notify the designating party in writing of each such
26 disclosure, and the receiving party will make every effort to prevent disclosure by the
27 party and by the person(s) receiving such inadvertently produced Confidential
28 Information.  Counsel for the parties will agree on a mutually acceptable manner of

labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

21. Nothing in this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.

22. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying on any Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

23. This Order shall be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. Nothing in this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25 Nothing in this Order will be construed to conflict with laws regulating the exportation of certain types of information, Materials, or devices outside the United States.

26. Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, each receiving party must return all Confidential Information to the producing party or destroy such Confidential Information. Whether the Confidential Information is returned or destroyed, Counsel for the receiving party must submit a written certification to Counsel for the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any

Confidential Information or copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order as set forth herein.  Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs.  As used herein, "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

27. The restrictions and obligations set forth in this Order shall not apply to any Confidential Information that (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

28. The restrictions and obligations in this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

29. Transmission by facsimile is acceptable for all notification purposes within this Order.

30. This Order may be modified by the parties only by written agreement, subject to approval by the Court.

31. The Court may modify the protective order in the interests of justice or for public policy reasons.  The Court may also modify the terms and conditions of this Order for good cause, or on its own order at any time in the proceedings.  The parties prefer that the Court provide them with advance notice of the Court's intent to modify this Order and the content of the modifications, prior to entry of such an order.

32. Even after termination of this action, the confidentiality and other obligations imposed by this Order shall remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs.  Any Final Disposition of this action as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court.  The parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

IT IS SO ORDERED.

DATED:  November 22, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge