1
2
3
4
5
6

7              UNITED STATES DISTRICT COURT

8             SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  MYGO, LLC, a California corporation, | Case No.:  3:16-cv-02350-GPC-RBB |
| 11                          Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF's MOTION TO DISMISS AND MOTION TO STRIKE WITOHUT PREJUDICE** |
| 12  v. | |
| 13  MISSION BEACH INDUSTRIES, LLC, a California corporation, | |
| 14 | |
| 15                          Defendant. | **[ECF No. 10.]** |
| 16 | |

17          Before the Court is Plaintiff and Counterdefendant MyGo, LLC's ("Plaintiff's" or

18  "MyGo's") motion to dismiss Defendant and Counterclaimant Mission Beach Industries,

19  LLC's ("Defendant's" or "MBI's") first through fifth counterclaims pursuant to Fed. R.

20  Civ. P. 12(b)(6) and motion to strike MBI's second, third, fourth, fifth, and eighth

21  affirmative defenses pursuant to Fed. R. Civ. P. 12(f).  (Dkt. No. 10 at 1–2.[1])  The motion

22  has been fully briefed.  (Dkt. Nos. 19, 20.)  The Court deems Plaintiff's motion suitable

23  for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having

24  reviewed the moving papers and the applicable law, and for the reasons set forth below,

25  the Court **GRANTS IN PART and DENIES IN PART** MyGo's motion to dismiss and

26
27  ───────────────

28  [1] All citations to the record are based upon pagination generated by the CM/ECF system.

1

**GRANTS IN PART and DENIES IN PART** MyGo's motion to strike.  (Dkt. No. 10.)

## BACKGROUND

MyGo designs and sells the MyGo Mouth Mount, a camera mouth mount for GoPro® cameras.  (Dkt. No. 1, Compl. ¶ 8.)  On March 4, 2015, MyGo filed United States Patent Application No. 14/639,040.  (*Id.* ¶ 9; Dkt. No. 1-3.)  This patent application claimed priority to United States Provisional Patent Application No. 61/948,308, which was filed on March 4, 2014.  (*Id.*)  On September 10, 2015, MyGo's patent application was published as United States Patent Application Publication No. 2015/025361 ("MyGo's published patent application").  (*Id.*)  On July 5, 2016, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 9,383,630 ("'630 Patent" or "patent-in-suit"), entitled "Camera Mouth Mount."  (Compl. ¶ 9; Dkt. No. 1-2.)  MyGo owns all rights to the '630 Patent pursuant to an assignment recorded at the PTO on May 19, 2015.  (Compl. ¶ 9.)

MyGo alleges that "MBI is and has been making, using, selling, offering for sale, and importing a number of camera mouth mount products that infringe the '630 Patent, including without limitation MBI's Dummy Mount (in various colors), Dummy Mount Kit, Dummy Bundle Kit (in various colors), and Dummy V2 Mouth Mount."  (*Id.* ¶ 10.) MBI sells these products via MBI's website, third-party websites, and various retailers within the United States and worldwide.  (*Id.*)  Shortly after filing its patent application, MyGo informed MBI of its patent application, MyGo's potential patent rights, and MBI's potential infringement liability on May 14, 2014.  (*Id.* ¶ 11.)

On April 28, 2015, MBI filed United States Patent Application No. 14/698,700 ("MBI's patent application") for a patent entitled "Video Mouthpiece Apparatus and Method of Making Same."  (*Id.* ¶ 12.)  MBI's patent application claims priority to United States Provisional Patent Application No. 61/985,461, which was filed on April 29, 2014. (*Id.*)

MyGo alleges that MyGo's published patent application is prior art to the subject matter of MBI's patent application under 35 U.S.C. § 102(a)(2).  (*Id.* ¶ 13.)  On January

2

20, 2016, MyGo's PTO representative submitted a Third-Party Submission Under 37 C.F.R. § 1.290 in MBI's patent application to request that the PTO consider MyGo's published patent application as prior art. (*Id.*) The PTO subsequently issued an Office Action on February 3, 2016 rejecting all pending claims of MBI's patent application as being anticipated by prior art references. (*Id.*) The PTO issued a Notice of Abandonment on August 2, 2016 regarding MBI's failure to reply to the Office Action. (*Id.*)

Based on publicly accessible information on the PTO's online Patent Application Information Retrieval system, MyGo alleges on information and belief that MBI has no patents pending. (*Id.* ¶ 14.) MyGo alleges that MBI nonetheless advertises on its website that it has patents pending in connection with the allegedly infringing products. (*Id.* ¶ 15; Dkt. No. 1-5.)

On September 16, 2016, MyGo filed a Complaint against MBI asserting five claims for relief: (1) patent infringement under 35 U.S.C. §§ 154 and 271; (2) federal false marking under 35 U.S.C. § 292; (3) false advertising under 28 U.S.C. § 1125(a); (4) unfair competition under California common law; and (5) unfair competition under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (Dkt. No. 1.)

On October 17, 2016, MBI filed an Answer with five counterclaims and eight affirmative defenses. (Dkt. No. 7.) MBI asserts the following counterclaims: (1) declaratory judgment of non-infringement; (2) declaratory judgment of invalidity of the '630 Patent; (3) invalidity based on fraud on the PTO and inequitable conduct; (4) unfair competition under California common law; and (5) unfair competition under the UCL. (*Id.*) MBI asserts the following affirmative defenses to MyGo's Complaint: (1) failure to state a claim under Fed. R. Civ. P. 12(b)(6); (2) non-infringement; (3) invalidity for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112; (4) inequitable conduct and fraud on the PTO; (5) unclean hands; (6) adequate remedy at law; (7) prosecution history estoppel; and (8) patent misuse. (*Id.*)

1    MyGo filed the instant motion to dismiss and motion to strike on November 3,

2  2016.  (Dkt. No. 10.)

3                              **LEGAL STANDARDS**

4    **A.  Rule 12(b)(6)**

5    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

6  sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  While a

7  plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts

8  that, if true, "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*

9  *Twombly*, 550 U.S. 544, 545 (2007).  "To survive a motion to dismiss, a complaint must

10  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

11  plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

12  550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the

13  court to draw the reasonable inference that the defendant is liable for the misconduct

14  alleged."  *Id.*  In other words, "the non-conclusory 'factual content,' and reasonable

15  inferences from that content, must be plausibly suggestive of a claim entitling the

16  plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

17  "Determining whether a complaint states a plausible claim for relief will . . . be a context-

18  specific task that requires the reviewing court to draw on its judicial experience and

19  common sense."  *Iqbal*, 556 U.S. at 679.

20    In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the

21  truth of all factual allegations and must construe all inferences from them in the light

22  most favorable to the nonmoving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.

23  2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  Legal

24  conclusions, however, need not be taken as true merely because they are cast in the form

25  of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W.*

26  *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion to

27  dismiss, the court may consider the facts alleged in the complaint, documents attached to

28  the complaint, documents relied upon but not attached to the complaint when authenticity

is not contested, and matters of which the court takes judicial notice.  *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**B.  Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings.  Fed. R. Civ. P. 12(f).  The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

The Court must view the pleading in the light more favorable to the pleader when ruling on a motion to strike.  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)).  Motions to strike are regarded with disfavor because striking is such a drastic remedy.  *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).  If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party.  *Vogel v. Huntington Oaks Delaware Partners*, LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

## DISCUSSION

### I.  Motion to Dismiss Counterclaims

MyGo moves to dismiss MBI's first through fifth counterclaims pursuant to Rule

12(b)(6).  (Dkt. No. 10.)

**A. MBI's First Counterclaim**

MBI agrees to dismiss its first counterclaim.  (Dkt. No. 19 at 9.)  Accordingly, the Court **DENIES AS MOOT** MyGo's motion to dismiss MBI's first counterclaim.

**B. MBI's Second Counterclaim**

MBI's second counterclaim alleges that the '630 Patent is invalid for failure to comply with the conditions and requirements for patentability under 35 U.S.C. §§ 101, 102(a)–(b), 103, and/or 112.  (Dkt. No. 7 at 14–16.)  MBI identifies two bases for invalidity: prior art and obviousness.  (*Id.*)  MBI first alleges that MyGo's patent is invalid under 35 U.S.C. § 102(a)–(b) for failure to disclose relevant prior art references during the examination period.  (*Id.* at 15.)  Specifically, MBI alleges that its "own Dummy Mount product was used in daylight, on a public beach, in 2013 and disclosed to the public and the surf community then and also at least as early as January 2014," prior to MyGo's provisional filing date.  (*Id.*)  MBI next alleges that the '630 Patent is invalid under 35 U.S.C. § 103, as the "public use and public disclosure" of MBI's product "would render obvious any so-called improvements of [MyGo's] disclosure."  (*Id.*)

MyGo contends that MBI's second counterclaim fails for a number of reasons. First, MyGo argues that MBI fails to explain how the '630 Patent is invalid under 35 U.S.C. §§ 101 and 112.  (Dkt. No. 10-1 at 5.)

Next, with respect to 35 U.S.C. § 102, MyGo contends that MBI's allegations do not spell out a plausible claim of invalidity.  (*Id.* at 5–6.)  Specifically, MyGo contends that MBI's allegation of public use is conclusory and lacks specific facts regarding the degree of accessibility afforded to the public.  (*Id.*)  Moreover, MyGo states that MBI never informed the PTO of its alleged pre-filing, public use of its Dummy Mount product, violating its duty of candor to disclose all known information material to patentability to the PTO.  (*Id.* at 6.)  MyGo concludes that MBI's failure to disclose its alleged public use is fatal to MBI's own patent application and renders MBI's allegations of prior art "highly suspect, unbelievable, and entitled to no weight."  (*Id.*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

With respect to 35 U.S.C. § 103, MyGo contends that MBI has not pled sufficient facts about the product that it allegedly used publicly.  (*Id.*)  For example, MBI does not specify whether the Dummy Mount product "fully or only partially encompass[es] any claim of the '630 patent," and MBI "identifies no claim of the '630 patent that is supposedly anticipated or rendered obvious by MBI's purported public use of its Dummy Mount."  (*Id.*)  Nor does MBI identify which version of the Dummy Mount was publicly used.  (*Id.*)

MBI responds that its allegations of public use and disclosure are not conclusory, but rather prove fatal to MyGo's Patent.  (Dkt. No. 19 at 9–11.)  MBI argues that MyGo's contention that MBI violated its duty of candor is baseless.  (*Id.*)

MBI's second counterclaim, while skeletal, states a claim for invalidity at the pleading stage.  First, MBI alleges some facts that raise reasonable inferences plausibly suggestive of a claim.  MBI does not conclusorily allege an invalidating public use, without more: it alleges that its Dummy Mount product was used "in daylight, on a public beach" and made known to members of "the public and the surf community."  (Dkt. No. 7 at 15.)  Second, the Court's scheduling order (Dkt. No. 18) and Patent L.R. 3.3–3.4 require that invalidity contentions be served by February 1, 2017.  "By requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill the function of *Twombly* and *Iqbal*."  *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011) (noting that "requiring a heightened pleading of invalidity would circumvent this Court's Patent Local Rules which require detailed disclosures as to invalidity contentions soon after the suit is filed"); *accord Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. CIV. A. 09-1008 JAG, 2010 WL 1372316, at *5 (D.N.J. Mar. 31, 2010).  Considering the specific rules governing patent cases in this District, and construing MBI's factual allegations in the light most favorable to MBI, the Court concludes that MBI's second counterclaim survives the instant motion to dismiss.

1    Finally, although MBI does not explicitly allege that its public use occurred within

2    the one-year statutory bar under 35 U.S.C. § 102(b)(1), MBI does allege that the public

3    use occurred "in 2013," and that public disclosure occurred "then and also at least as

4    early as January 2014." (Dkt. No. 7 at 15.)  MBI's Provisional Patent Application was

5    filed on April 29, 2014.  (Compl. ¶ 12; Dkt. No. 19 at 10.)  Construing these allegations

6    in the light most favorable to MBI, MBI has sufficiently stated at the pleading stage that

7    its public use of the Dummy Mount product occurred within the one-year statutory bar.

8    Accordingly, the Court **DENIES** MyGo's motion to dismiss MBI's second

9    counterclaim.

10   **C. MBI's Third Counterclaim**

11   MBI alleges in its third counterclaim that "[t]he '630 Patent is unenforceable and

12   void due to unclean hands, fraud, and inequitable conduct that occurred during the

13   application for and prosecution of the Patent." (Dkt. No. 7 at 16.)  As for fraud, MBI

14   alleges that MyGo intentionally "misrepresented its status as a micro-entity" to the PTO

15   in order "to obtain discounted fees to which it was not entitled" in violation of 37 C.F.R.

16   § 1.29(j). (*Id.* at 16–17.)  MBI alleges that MyGo does not qualify for micro entity status

17   under the gross income requirements enumerated in 37 C.F.R. § 1.29. (*Id.* at 19.)  With

18   respect to inequitable conduct, MBI alleges that MyGo failed to disclose relevant prior art

19   references to the PTO in violation of 37 C.F.R. § 1.56. (*Id.* at 18–20.)

20   MyGo argues that MBI's third counterclaim, which is based on MyGo's alleged

21   fraud before the PTO, fails to meet the more stringent pleading standard of Fed. R. Civ.

22   P. 9(b). (Dkt. No. 10-1 at 8–9.)  MyGo contends that MBI cannot plead allegations of

23   MyGo's purported fraud on information and belief, absent a statement of facts upon

24   which the belief is founded and the reasons for the belief. (*Id.*; Dkt. No. 20 at 3–4.)

25   MyGo attaches two declarations from the '630 Patent's inventors, Nicholas Brooks and

26   Jeffrey Russell, to counter MBI's allegations and certify that MyGo satisfied the

27   requirements for micro entity status. (Dkt. No. 10-1 at 8–9; Dkt. Nos. 10-2, 10-3.)

28   In response, MBI argues that it has sufficiently pled the "who, what, when, where,

8

and how of the alleged fraud," and that pleading on information and belief suffices where MyGo's and the inventors' financial information lies uniquely within MyGo's control. (Dkt. No. 19 at 12.)  Although it did not so plead in its counterclaim, MBI conjectures that MyGo must not qualify for micro entity status due to its sponsorship of renowned professional surfers, who likely are receiving large sums in compensation.  (*Id.* at 14–15.)  As for inequitable conduct, MBI responds that (1) it pled that MyGo failed to disclose various prior art references that would have precluded issuance of the patent; (2) it "is able to provide the identities of the prior art in an amended counterclaim, if necessary, but is going to have to disclose detailed invalidity contentions under local rules and the Court's scheduling order anyway"; and (3) it pled that MyGo "la[id] claim to inventions that belonged to others (like MBI), fil[ed] a patent on the subject matter, then us[ed] the patent to sue the actual inventor and tr[ied] to extract royalties on unpatented products." (*Id.* at 15.)

As an initial matter, MyGo does not request judicial notice of the Brooks and Russell declarations.  Nor has it provided any legal basis for the Court to do so.  A court cannot consider matters outside of the complaint on a Rule 12(b)(6) motion to dismiss, unless those matters are: 1) authenticated documents that have been incorporated by the complaint or 2) facts subject to judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).  The declarations are not authenticated documents that have been incorporated by the complaint.  *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Nor do they contain facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  In fact, MyGo submits the declarations to dispute MBI's allegations.  The Court thus declines to take judicial notice of the content of the declarations.  *See In re Applied Micro Circuits Corp. Sec. Litig.*, No. 01-CV-0649 K AJB, 2002 WL 34716875, at *3 (S.D. Cal. Oct. 4, 2002) ("If the Court were to consider this extrinsic evidence, it would in fact convert this motion to dismiss into a motion for summary judgment, and the Court is not willing to do so.").

To comply with Fed. R. Civ. P. 9(b), allegations of fraud must be "specific enough

to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)).

> [T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.  Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328–29 (Fed. Cir. 2009).

While MBI does allege the basic "who, what, when where, and how" of MyGo's purported material misrepresentation and omission before the PTO, MBI includes no allegations of underlying facts from which this Court may reasonably infer that specific individuals affiliated with MyGo had the requisite knowledge and specific intent to deceive the PTO.  *See id.*  MBI's factual allegations suggest nothing about MyGo's knowledge and intent: MBI merely lists the actions that inventors Jeffrey Russell and Nicholas Brooks and their attorneys took in certifying MyGo's qualification for micro entity status before the PTO.  (Dkt. No. 7 at 16–20.)

Furthermore, while MBI is correct in arguing that "[p]leading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control," MBI fails to address the requirement that "the pleading set[] forth the specific facts upon which the belief is reasonably based."  *Exergen Corp.*, 575 F.3d at 1330–31 (concluding that an allegation of deceptive intent that "provide[d] neither the 'information' on which it relies nor any plausible reasons for its 'belief'" failed to satisfy Rule 9(b)).  MBI provides neither the information on which it relies nor any plausible reasons for its belief.  It simply asserts conclusorily that it believes that

1  MyGo intentionally deceived the PTO.  (Dkt. No. 7 at 17, 19.)

2    Finally, MBI's assertions regarding MyGo's sponsorship of professional athletes

3  are extrinsic to its pleadings.  (*Compare* Dkt. No. 19 at 14–15 *with* Dkt. No. 7 at 16–20.)

4  Should MBI wish to assert new factual allegations, it should do so in an amended

5  pleading.

6    Accordingly, the Court **GRANTS** MyGo's motion to dismiss MBI's third

7  counterclaim.

8    **D. MBI's Fourth and Fifth Counterclaims**

9    MBI asserts common law and statutory unfair competition claims.  (Dkt. No. 7 at

10  20–22.)  Both claims are based on MBI's allegations of MyGo's "inequitable and

11  fraudulent conduct before the PTO."  (*Id.*)  MyGo argues that MBI's fourth and fifth

12  counterclaims fail for the same reasons that MBI's third counterclaim fails, as the fourth

13  and fifth counterclaims are based on the same fraud allegations set forth in MBI's third

14  counterclaim.  (Dkt. No. 10-1 at 9.)  Because MBI's fourth and fifth counterclaims flow

15  from its third counterclaim, the Court **GRANTS** MyGo's motion to dismiss MBI's fourth

16  and fifth counterclaims.

17  **II.    Motion to Strike Affirmative Defenses**

18    MBI moves to strike MBI's second, third, fourth, fifth, and eighth affirmative

19  defenses under Rule 12(f).  (Dkt. No. 10.)

20    In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an

21  affirmative defense is whether it gives plaintiff fair notice of the defense."  *Simmons v.*

22  *Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l*

23  *Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).  "Fair notice generally requires that the

24  defendant state the nature and grounds for the affirmative defense."  *Roe v. City of San*

25  *Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013).  "It does not, however, require a detailed

26  statement of facts."  *Id.*  "What constitutes fair notice . . . depends on the nature of the

27  defense being asserted.  For well-established defenses, merely naming them may be

28  sufficient, but for others, a party may need to allege additional factual matter to provide

11

1   fair notice." *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN
2   DHB, 2013 WL 4026366, at *4 (S.D. Cal. Aug. 6, 2013).

3          District courts within the Ninth Circuit are split on whether the pleading standard
4   subsequently articulated in *Twombly* and *Iqbal* extends to affirmative defenses.  *See J & J*
5   *Sports Productions, Inc. v. Scace*, No. 10cv2496-WQH-CAB, 2011 WL 2132723, at *1
6   (S.D. Cal. May 27, 2011).  Here, the parties disagree over which pleading standard
7   applies to affirmative defenses.  MyGo argues that the *Twombly* and *Iqbal* pleading
8   standard applies, (Dkt. No. 10-1 at 9–10; Dkt. No. 20 at 5), while MBI responds that the
9   fair notice pleading standard applies, (Dkt. No. 19 at 8).  Although the Ninth Circuit has
10  not yet explicitly addressed the issue, it has continued to articulate the fair notice
11  pleading standard in cases decided after *Twombly* and *Iqbal*.  *See, e.g.*, *Simmons*, 609
12  F.3d at 1023 (2010 decision); *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th
13  Cir. 2015) (stating that "the fair notice required by the pleading standards only requires
14  describing the defense in general terms" (internal citation and quotation marks omitted)).
15  In light of the Ninth Circuit's recent decisions, this Court applies the fair notice pleading
16  standard to the instant motion to strike.

17     **A. MBI's Second Affirmative Defense**
18          MBI asserts that it "has not infringed any valid and enforceable claim(s)" of the
19  '630 Patent.  (Dkt. No. 7 at 9.)  MyGo contends that this defense is merely a legal
20  conclusion.  (Dkt. No. 10-1 at 10.)  However, given that the pleading standard for
21  affirmative defenses is "fair notice," and that MyGo is well aware that infringement is at
22  the heart of this case, MBI's second affirmative defense, while sparse in detail, provides
23  MyGo sufficient notice.  Accordingly, the Court **DENIES** MyGo's motion to strike
24  MBI's second affirmative defense.

25     **B. MBI's Third Affirmative Defense**
26          MBI asserts that "[t]he claims of the '630 Patent are invalid for failure to comply
27  with the conditions for patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or
28  112."  (Dkt. No. 7 at 9.)  This defense overlaps with MBI's second counterclaim.  (*Id.* at

14–16.)  MyGo requests that this defense be stricken because it is a legal conclusion. (Dkt. No. 10-1 at 10.)  MBI responds that it provides sufficient notice of the statutory provisions on which it relies to assert its defense.  (Dkt. No. 19 at 17.)  Here, MBI's defense, while skeletal, provides fair notice in the context of this patent infringement action.  *See, e.g.*, *Certusview Techs., LLC v. Usic, LLC*, No. 2:14CV373, 2014 WL 12591937, at *15 (E.D. Va. Dec. 15, 2014) (denying motion to strike identical affirmative defense, concluding defense was "contextually comprehensible"); *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 300, 303–04 (D. Del. 2013) (denying motion to strike identical affirmative defense).  Accordingly, the Court **DENIES** MyGo's motion to strike MBI's third affirmative defense.

### C. MBI's Fourth Affirmative Defense

MBI asserts that MyGo's claims are "barred by reason of inequitable conduct and fraud" on the PTO.  (Dkt. No. 7 at 10–11.)  MBI's allegations regarding this defense overlap with its allegations in its third counterclaim.  (*Id.* at 16–20.)  MyGo contends that this defense fails for the same reasons that MBI's third counterclaim fails.  (Dkt. No. 10-1 at 10.)

Here, MBI's fourth affirmative defense sets forth allegations, made on information and belief, that MyGo misrepresented its status as a micro entity to the PTO.  (Dkt. No. 7 at 10–11.)  It also sets forth allegations that MyGo failed to disclose "various, relevant prior arts, patent and otherwise."  (*Id.*)  MBI's allegations regarding MyGo's micro entity status, while unable to pass muster under Rules 12(b)(6) and 9(b), nonetheless give MyGo fair notice of the grounds for MBI's defense.  Accordingly, the Court **DENIES** MyGo's motion to strike MBI's fourth affirmative defense.

### D. MBI's Fifth Affirmative Defense

MBI asserts that MyGo's claims are barred by unclean hands.  (Dkt. No. 7 at 11.)  MBI incorporates by reference its allegations from its fourth affirmative defense.  (*Id.*)  Because MBI's allegations in its fourth affirmative defense provide fair notice, the Court **DENIES** MyGo's motion to strike MBI's fifth affirmative defense.

13

### E. MBI's Eighth Affirmative Defense

MBI alleges on information and belief that the '630 Patent is invalid and unenforceable due to patent misuse by MyGo.  (Dkt. No. 7 at 12–13.)  MBI incorporates by reference its counterclaim allegations and additionally asserts that MyGo has "attempted to enforce its claims with respect to products not covered by the claims."  (*Id.*)

Patent misuse is typically not pleaded in a complaint.  *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No. 112CV01310LJOSMS, 2015 WL 9583012, at *2 (E.D. Cal. Dec. 31, 2015).  As such, "a party asserting patent misuse as an affirmative defense must provide 'fair notice' that a patent-holder has impermissibly broadened the scope of the patent in a manner which has caused an anticompetitive effect."  *Id.* (granting motion to strike affirmative defense of patent misuse which stated that the patentee "cannot enforce its alleged patents against BECO due to its prior improper attempts to exploit the patents beyond their lawful scope").  While MBI's opposition brief explains in further detail the bases for MBI's assertion that MyGo is impermissibly broadening the scope of the '630 Patent, (Dkt. No. 19 at 19), MBI's pleading does not itself provide fair notice of the nature and grounds for its defense, (Dkt. No. 7 at 12–13).  Accordingly, the Court **GRANTS** MyGo's motion to strike MBI's eighth affirmative defense.

### CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** MyGo's motion to dismiss MBI's first counterclaim, **DENIES** MyGo's motion to dismiss MBI's second counterclaim, and **GRANTS** MyGo's motion to dismiss MBI's third, fourth, and fifth counterclaims.  (Dkt. No. 10.)  The Court **GRANTS** MyGo's motion to strike MBI's eighth affirmative defense and **DENIES** MyGo's motion to strike MBI's second, third, fourth, and fifth affirmative defenses.  (*Id.*)  The Court **GRANTS** MBI leave to amend its Answer by February 10, 2017.

**IT IS SO ORDERED.**

*/ / / /*

1    Dated:  January 11, 2017

2                                                         _____
                                                          Hon. Gonzalo P. Curiel
3                                                         United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28