UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYGO, LLC, a California corporation,<br><br>                          Plaintiff,<br><br>v.<br><br>MISSION BEACH INDUSTRIES, LLC,<br>a California corporation,<br><br>                          Defendant. | Case No.: 3:16-CV-2350-GPC-RBB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>**[ECF No. 21.]** |

      Before the Court is Defendant and Counterclaimant Mission Beach Industries, LLC's ("Defendant's" or "MBI's") motion to stay pending *ex parte* reexamination of United States Patent No. 9,383,630 ("the '630 Patent"). (Dkt. No. 21.[1]) Plaintiff and Counterdefendant MyGo, LLC ("Plaintiff" or "MyGo") does not oppose the motion. (Dkt. No. 23.) The Court deems Defendant's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the moving papers and the applicable law, and for the reasons set forth below, the Court **DENIES** Defendant's motion to stay.

---

[1] All citations to the record are based upon pagination generated by the CM/ECF system.

# BACKGROUND

In a previous order, the Court recited the facts of this case at length and will therefore not repeat them here. (*See* Dkt. No. 24.) The relevant procedural background follows.

On September 16, 2016, MyGo filed a Complaint against MBI asserting, among other allegations, infringement of its '630 Patent. (Dkt. No. 1.) On October 17, 2016, MBI filed an Answer with counterclaims and affirmative defenses, including assertions of patent invalidity. (Dkt. No. 7.) On December 12, 2016, MBI filed a request for *ex parte* reexamination of the '630 Patent with the United States Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. § 302 *et seq.* and 37 C.F.R. § 1.510 *et seq.* (Dkt. No. 21-1 at 9:10–16.) To the Court's knowledge, the PTO has not yet responded to this initial request.[2] (*See id.*) On December 13, 2016, MBI filed the instant motion to stay pending completion of the reexamination. (Dkt. No. 21.) On January 3, 2017, MyGo filed a non-opposition regarding the motion to stay. (Dkt. No. 23.)

# LEGAL STANDARD

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." *Enzo Biochem, Inc. Gen–Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted). However, "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art." 35 U.S.C. § 302. The PTO must then "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted); *TPK Touch Sols., Inc. v. Wintek Electro-Optics Corporation* ("TPK"), No. 13-CV-02218-JST,

---

[2] Under 35 U.S.C. § 303(a), the PTO has three months to respond to a reexamination request.

2013 WL 5289015 (N.D. Cal. Sept. 18, 2013). This District has recognized a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance proceedings." *Palomar Techs., Inc. v. Mrsi Sys., LLC*, No. 15-CV-1484 JLS (KSC), 2016 WL 4496839, at *2 (S.D. Cal. June 14, 2016) (quoting *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). However, this District also maintains a "strong public policy favoring expeditious resolutions of litigation." *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)) (denying motion for discretionary stay).

"There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Tokuyama Corp. v. Vision Dynamics, LLC* ("*Tokuyama*"), No. C082781SBA, 2008 WL 4532565, at *2 (N.D. Cal. Oct. 9, 2008) (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). "A court is under no obligation to delay its own proceedings on account of a PTO patent reexamination, regardless of their relevancy to infringement claims which the court must analyze." *Tric Tools, Inc. v. TT Techs., Inc.* ("*Tric Tools*"), 2012 WL 5289409, at *1 (N.D. Cal. Oct. 25, 2012), *on reconsideration*, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001)). "'The proponent of a stay bears the burden of establishing its need.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H (BGS), 2015 WL 12843919, at *2 (S.D. Cal. Oct. 5, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

Courts consider three factors in determining whether to grant a stay pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac Corp. v. Teledigital, Inc.* ("*Telemac*"), 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385

F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

# DISCUSSION

## A. Stage of Litigation

The first factor considers whether discovery is complete and whether a trial date has been set. "'The early stage of a litigation weighs in favor of a stay pending reexamination.'" *Palomar Techs., Inc. v. Mrsi Sys., LLC*, No. 15-CV-1484 JLS (KSC), 2016 WL 4496839, at *2 (S.D. Cal. June 14, 2016) (quoting *Wireless Recognition Techs. v. A9.com Inc.*, No. 5:12-CV-01217-EJD et al., 2012 WL 4005459, at *2 (N.D. Cal. Sept. 11, 2012)).

Here, the Complaint was filed approximately four months ago. (Dkt. No. 1.) Discovery has commenced, but only limited document exchange has occurred between the parties. (Dkt. No. 21-1 at 12:16–28.) No claim construction proceedings have begun, and no trial date has been set. (*Id.*)

Accordingly, the relatively early stage of litigation weighs in favor of a stay.

## B. Simplification of Issues

The second factor considers whether a stay is likely to simplify the issues in litigation. MBI asserts that a stay pending reexamination will "simplify the issues of invalidity and potentially narrow the claims," will afford the Court the PTO's expertise, and will spare the parties and the Court the expense of claim construction proceedings. (*Id.* at 14:9–20.) MBI relies on PTO statistics to support this claim, citing the likelihood that the PTO will grant MBI's request and that a reexamination will result in modification of claims. (Dkt. No. 21-1, Ex. 2 at 3.)

MBI's argument, however, assumes the PTO will grant the reexamination request. (Dkt. No. 21-1 at 15:3–8.) *See Ultra Prod., Inc. v. Antec, Inc.* ("Antec"), No. C 09-04255 RS, 2010 WL 1688538, at *4 (N.D. Cal. Apr. 26, 2010) ("Especially where the PTO has not yet granted the reexamination request, [movant] has not persuasively demonstrated that the results of reexamination will simplify the instant litigation"). MBI has only submitted a request for reexamination. The PTO has not granted that request. Whether

any PTO proceedings will even go forward remains to be seen. The Court therefore finds that MBI's motion to stay is premature.

Additionally, even if the PTO grants the reexamination request, there is no guarantee that the patent will be canceled, its claims will be modified, or that any modification will simplify the litigation. "'The reexamination process considers only the validity of the subject patent with regard to prior art; the PTO does not analyze counterclaims or other grounds for patent invalidity.'" *Tric Tools*, 2012 WL 5289409 at *2 (quoting *ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011)); *see also TPK*, 2013 WL 5289015 at *3 (noting the limited scope of *ex parte* reexaminations). MBI made multiple invalidity arguments in its counterclaims that extend beyond the issue of prior art, including allegations of inequitable conduct and fraud on the PTO. (Dkt. No. 7 at 1.) *Ex parte* reexamination would not address, let alone simplify, such issues for the Court.

Furthermore, because MBI requested *ex parte* reexamination, as opposed to *inter partes* reexamination, any PTO findings would have no estoppel effect on MBI with respect to later litigation. *See* 35 U.S.C. § 315(e)(2); *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1053 (N.D. Cal. 2011). *Ex parte* reexaminations involve an independent review by the PTO, whereas *inter partes* reexaminations allow the parties to participate more actively in the review process.[3] Thus, a petitioner in an *inter partes* reexamination is estopped from asserting invalidity arguments in subsequent litigation that it could have raised during the administrative review process. 35 U.S.C. § 315(e)(2). In contrast, no such estoppel provision exists for *ex parte* reexaminations. *TPK*, 2013 WL 6021324 at *3. Thus, even a successful and thorough *ex parte* reexamination would not preclude MBI from litigating the same invalidity contentions asserted in the instant case.

---

[3] For example, in *inter partes* reexaminations, the parties are entitled to an oral hearing and may conduct limited discovery and present evidence. 35 U.S.C. § 316(a).

Due to the prematurity of the motion and the uncertainty regarding simplification of issues, the Court finds that this factor weighs against a stay.

**C. Prejudice**

The final factor considers whether a stay will unduly prejudice or produce a clear tactical disadvantage to the non-moving party. MBI asserts that a stay will not prejudice MyGo, but rather will save cost and effort for both parties, because only limited discovery has been produced, and claim construction has not yet begun. (Dkt. No. 21-1 at 15:22–16:23.) It is true that MBI filed the reexamination request and motion to stay in a timely manner after Plaintiff filed the Complaint and before discovery advanced beyond its early stages. However, the Court already accounted for this timing consideration *supra* in its analysis of the stage of litigation factor. The Court finds that other considerations tip the balance of the prejudice factor against a stay, or at minimum leave this factor neutral.

Most importantly, as the Court has emphasized above, MBI's motion is premature. Because the PTO has not granted or responded to MBI's request at all, a stay would prematurely and prejudicially delay litigation with no guarantee that any reexamination will occur. *See, e.g.*, *Antec*, 2010 WL 1688538 at *1 (finding prejudice in part because the PTO had not granted the reexamination request); *Tokuyama Corp. v. Vision Dynamics, LLC*, 2008 WL 4532565, at *1 (N.D. Cal. Oct. 9, 2008) ("That no PTO proceedings are underway creates a delay to the plaintiffs which is prejudicial.").[4] Thus, the Court is not prepared, nor required, to stall litigation when the PTO could deny the reexamination request altogether. *See Tric Tools*, 2012 WL 5289409 at *1.

Additionally, the prejudice of prematurely delaying litigation is compounded by the fact that MBI and MyGo are direct competitors in the sale of the product at issue.

---

[4] The Court acknowledges that other courts have found differently. *See, e.g.*, *Graphon Corp. v. Juniper Networks, Inc.*, No. C 10-1412 JSW, 2010 WL 3619579, at *2 (N.D. Cal. Sept. 13, 2010) (granting motion to stay even though the PTO had not yet granted the reexamination request). However, the existence of decisions on both sides is demonstrative of the Court's discretion in this respect.

(*See* Dkt. No. 1 at ¶¶ 8–10.)  *See Allergan Inc. v. Cayman Chemical Co.*, 2009 WL 8591844 at *1 (C.D. Cal. 2009) (denying stay partly because parties were direct competitors).  "Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Avago Tech. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10–cv–02863–EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) (citing *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327–28 (Fed. Cir. 2008)).

The Court acknowledges that MyGo has not opposed MBI's motion to stay. However, considering the fact that other considerations weigh against a stay, MyGo's non-opposition at most neutralizes the prejudice factor.  Therefore, the Court finds that the prejudice factor does not weigh in favor of a stay.

In sum, the first factor weighs in favor of a stay; the second factor weighs against a stay; and the final factor weighs against a stay or is neutral at best.  The movant bears the burden to show the need for a stay, and the balance of the factors does not affirmatively show such a need.  In light of the Court's discretion and the applicable law, the Court declines to stay the case.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant MBI's motion to stay.

**IT IS SO ORDERED.**

Dated:  January 31, 2017

Hon. Gonzalo P. Curiel
United States District Judge