UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYGO, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MISSION BEACH INDUSTRIES, LLC, a California corporation,<br><br>Defendant. | Case No.: 3:16-CV-2350-GPC-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO STAY**<br><br>**[ECF No. 31.]** |

Before the Court is Defendant and Counterclaimant Mission Beach Industries, LLC's ("Defendant's" or "MBI's") motion for reconsideration of the Court's January 31, 2017 Order denying Defendant's motion to stay pending *ex parte* reexamination of United States Patent No. 9,383,630 ("the '630 Patent"). (Dkt. No. 31.[1]) Plaintiff and Counterdefendant MyGo, LLC ("Plaintiff" or "MyGo") does not oppose the motion. (Dkt. No. 32.) The Court deems MBI's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS** MBI's motion for reconsideration. (Dkt. No. 31.)

---

[1] All citations to the record are based upon pagination generated by the CM/ECF system.

1

# BACKGROUND

In a previous order, the Court recited the facts of this case at length and will therefore not repeat them here. (*See* Dkt. No. 24.) The relevant procedural background follows.

On September 16, 2016, MyGo filed a Complaint against MBI asserting, among other allegations, infringement of its '630 Patent. (Dkt. No. 1.) On October 17, 2016, MBI filed an Answer with counterclaims and affirmative defenses, including assertions of patent invalidity. (Dkt. No. 7.)

On December 12, 2016, MBI filed a request for *ex parte* reexamination of the '630 Patent with the United States Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. § 302 *et seq*. and 37 C.F.R. § 1.510 *et seq*. (Dkt. No. 21-1 at 9:10–16.) On December 13, 2016, MBI filed a motion to stay pending completion of the reexamination. (Dkt. No. 21.) On January 3, 2017, MyGo filed a non-opposition regarding the motion to stay. (Dkt. No. 23.) At the time MBI's motion to stay was filed, the PTO had not yet responded to the initial request. (Dkt. No. 21.) On January 31, 2017, the Court denied MBI's motion to stay, concluding that it was premature. (Dkt. No. 25.)

On February 23, 2017, within twenty-eight days of the Court's January 31, 2017 Order, MBI filed a motion for reconsideration of the Court's Order denying its motion to stay. (Dkt. No. 31.) Specifically, MBI notes that on February 16, 2017, the PTO granted MBI's request for *ex parte* reexamination of the '630 Patent, finding that the request for *ex parte* reexamination raised substantial new questions of patentability affecting claims of the subject patent. (Dkt. No. 31-4 at 4.) MyGo again notified the Court of its non-opposition to the motion for reconsideration. (Dkt. No. 32.)

# LEGAL STANDARDS

## I. Motion for Reconsideration

MBI does not specify whether the instant motion is brought under Federal Rule of Civil Procedure 59(e) or 60(b). In any event, a district court may reconsider a grant of summary judgment under either Federal Rule of Civil Procedure ("Rule") 59(e) or Rule

60(b). *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d at 1263; *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263 (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney

> setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application.

Local Civ. R. 7.1(i)(1).

The Court has discretion in granting or denying a motion for reconsideration. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991). A court should not grant a motion for reconsideration "absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

## II. Motion to Stay

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." *Enzo Biochem, Inc. Gen–Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted). However, "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of

any prior art." 35 U.S.C. § 302. The PTO must then "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted); *TPK Touch Sols., Inc. v. Wintek Electro-Optics Corporation* ("TPK"), No. 13-CV-02218-JST, 2013 WL 5289015 (N.D. Cal. Sept. 18, 2013). This District has recognized a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance proceedings." *Palomar Techs., Inc. v. Mrsi Sys., LLC*, No. 15-CV-1484 JLS (KSC), 2016 WL 4496839, at *2 (S.D. Cal. June 14, 2016) (quoting *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). However, this District also maintains a "strong public policy favoring expeditious resolutions of litigation." *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)) (denying motion for discretionary stay).

"There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Tokuyama Corp. v. Vision Dynamics, LLC* ("Tokuyama"), No. C082781SBA, 2008 WL 4532565, at *2 (N.D. Cal. Oct. 9, 2008) (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). "A court is under no obligation to delay its own proceedings on account of a PTO patent reexamination, regardless of their relevancy to infringement claims which the court must analyze." *Tric Tools, Inc. v. TT Techs., Inc.* ("Tric Tools"), 2012 WL 5289409, at *1 (N.D. Cal. Oct. 25, 2012), *on reconsideration*, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001)). "'The proponent of a stay bears the burden of establishing its need.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H (BGS), 2015 WL 12843919, at *2 (S.D. Cal. Oct. 5, 2015) (quoting *Clinton*

*v. Jones*, 520 U.S. 681, 708 (1997)).

Courts consider three factors in determining whether to grant a stay pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac Corp. v. Teledigital, Inc.* ("Telemac"), 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

## DISCUSSION

MBI moves for reconsideration on grounds that the PTO granted its request for *ex parte* reexamination of the '630 Patent. (Dkt. No. 31.) In granting the request, the PTO concluded that the request for *ex parte* reexamination raised substantial new questions of patentability affecting all twenty-two claims of the subject patent. (Dkt. No. 31-4 at 4–13.) MBI states that its motion to stay is no longer premature. (Dkt. No. 31-1 at 4.)

### A. Stage of Litigation

The first factor considers whether discovery is complete and whether a trial date has been set. "'The early stage of a litigation weighs in favor of a stay pending reexamination.'" *Palomar Techs., Inc. v. Mrsi Sys., LLC*, No. 15-CV-1484 JLS (KSC), 2016 WL 4496839, at *2 (S.D. Cal. June 14, 2016) (quoting *Wireless Recognition Techs. v. A9.com Inc.*, No. 5:12-CV-01217-EJD et al., 2012 WL 4005459, at *2 (N.D. Cal. Sept. 11, 2012)). Here, the Complaint was filed approximately four months ago. (Dkt. No. 1.) Discovery has commenced, but only limited document exchange has occurred between the parties. (Dkt. No. 21-1 at 12:16–28.) No claim construction proceedings have begun, and no trial date has been set. (*Id.*) The Court confirms its finding that the relatively early stage of litigation weighs in favor of a stay.

### B. Simplification of Issues

The second factor considers whether a stay is likely to simplify the issues in litigation. In its prior Order, the Court found that MBI's motion to stay was premature,

5

3:16-CV-2350-GPC-RBB

and that MBI had not carried its burden to show that a stay would simply the issues in question in the instant case.

MBI acknowledges that "[w]hile it is true that validity findings are not always binding from reexamination challenges to later federal court proceedings, any cancelations or changes to the claims could still considerably change issues of claim construction, damages, etc." (Dkt. No. 31-1 at 3.) MBI cites statistics estimating that approximately 78% of *ex parte* reexaminations resulted in changed or cancelled claims, (Dkt. No. 31-5 at 3), and explains that a stay will simply issues in the instant litigation in a number of ways.

Citing 35 U.S.C. § 307(b), MBI asserts that a change in the scope of the claims may affect the question of whether or not MBI ever infringed on the claims, or may alter the calculation of damages. *See Neupak, Inc. v. Ideal Manufacturing and Sales Corp.*, 41 Fed. Appx. 435 (Fed. Cir. 2002) ("The effect of a reexamined patent during the period before issuance of the reexamination certificate is governed by 35 U.S.C. §§ 252 and 307(b). Under those provisions, if the patentee makes substantive changes in the claims during reexamination, there is an irrebuttable presumption that the original claims were materially flawed. In that setting, the statute relieves those who may have infringed the original claims from liability during the period before the claims are validated." (internal citation omitted)). Claim construction and trial may be unnecessary if the asserted claims are cancelled. *See Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09-05659 WHA, 2011 WL 445509, at *3 (N.D. Cal. Feb. 3, 2011) ("If any of the asserted claims are cancelled, the ordeals of claim construction and trial will become unnecessary for those claims. If any of the asserted claims are amended, the contours of claim construction and trial will likely be different as a result. Even if none of the asserted claims are cancelled or amended, this action will be shaped by the richer prosecution history available to inform the claim construction process.").

MBI observes that the PTO cited MBI's own patent application as a prior art reference in its decision to grant the reexamination request. (Dkt. No. 31-1 at 6.) MBI

maintains that reexamination of the '630 Patent in view of MBI's patent application, which involves one of the alleged infringing products in this case, will provide useful analysis for this Court and potentially eliminate the need to litigate a portion of the claims in the '630 Patent. (*Id.*); *see also accord Oakley, Inc. v. Seaver Co.*, No. 11CV2079 DMS BLM, 2012 WL 579699, at *3 (S.D. Cal. Feb. 22, 2012) (granting a stay where PTO found substantial new questions of patentability with respect to ten of the patent-in-suit's fifteen claims).

Given that the PTO has now granted MBI's *ex parte* reexamination request and concluded that significant questions of patentability are raised with respect to each of the claims of the subject patent, the Court reconsiders its former findings and concludes that granting a stay will likely simplify the issues in question.

## C. Prejudice

The final factor considers whether a stay will unduly prejudice or produce a clear tactical disadvantage to the non-moving party. In its prior Order, the Court found that in light of the fact that MBI's motion to stay was premature, MBI had not carried its burden to show that a stay would not unduly prejudice the non-moving party. Presently, the PTO has granted MBI's *ex parte* reexamination request, and MyGo does not oppose the instant motion or MBI's motion to stay. The Court accordingly reconsiders its findings and concludes that granting a stay will not unduly prejudice the non-moving party.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant MBI's motion for reconsideration of its January 31, 2017 Order denying MBI's motion to stay. (Dkt. No. 31.) The Court **GRANTS** Defendant MBI's motion for a stay pending *ex parte* reexamination of the '630 Patent. (Dkt. No. 21.) The Parties are to file a joint status report every three months from the issuance of this Order until the completion of the *ex parte* reexamination proceedings. The Parties are to jointly notify the Court within two business days of the termination of the *ex parte* reexamination.

**IT IS SO ORDERED.**

Dated: April 13, 2017

Hon. Gonzalo P. Curiel
United States District Judge