| | |
|---|---|
| MYGO, LLC, a California corporation, Pro Se,<br><br>          Plaintiff,<br><br>v.<br><br>MISSION BEACH INDUSTRIES, LLC, a California corporation; and Does 1-10, inclusive,<br><br>          Defendant. | Case No.: 16-cv-2350-GPC-RBB<br><br>**ORDER:**<br><br>**(1) DISMISSING FOR LACK OF JURISDICTION PLAINTIFF'S PATENT INFRINGEMENT CAUSE OF ACTION**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SECOND PATENT L.R. 3.1 DISCLOSURES**<br><br>**[DKT. NOS. 50, 52]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

  Before the Court are two motions filed by Defendant Mission Beach Industries, LLC ("MBI") against Plaintiff MyGo, LLC. MBI moves for (1) partial summary judgment against Plaintiff based on the Patent and Trademark Office's reexamination of the 9,383,630 ('630 patent) and (2) to strike Plaintiff's Second Patent L.R. 3.1 Disclosures. Dkt. No. 50, 52. On April 20, 2018, Defendant filed a Motion for Partial
1

16-cv-2350-GPC-RBB

Summary Judgment. Plaintiff filed a response on May 14, 2018, and a reply was filed on May 29, 2018. Dkt. Nos. 54-55. On May 11, 2018, Defendant filed a Motion to Strike Plaintiff's Second Patent Local Rule 3.1 Disclosures. Dkt. No. 52. Plaintiff filed an opposition to the motion to strike on May 29, 2018. Dkt. No. 56. Defendant filed a reply on June 4, 2018. Dkt. No. 58. Given that these motions relate to interconnected issues that result from the PTO's reexamination, the Court considers both motions in this order.

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court **DISMISSES FOR LACK OF JURISDICTION** Plaintiff's Patent Infringement cause of action without prejudice. As a result, Defendant's Motion to Strike is rendered **MOOT**.

## I. BACKGROUND

On September 16, 2016, Plaintiff filed a complaint alleging: (1) Patent Infringement; (2) Federal False Marking; (3) False Advertising; (4) Common Law Unfair Competition; and (5) California Unfair Competition. Dkt. No. 1. On November 11, 2016, Plaintiff provided Defendant with its Disclosure of Asserted Claims and Infringement Contentions, wherein it asserted that Defendant had infringed claims 1, 2, 4, 7, and 16-22 of the '630 Patent. Dkt. No. 50-3, Buche Decl., Ex. B. On December 12, 2016, Defendant filed a request for ex parte reexamination of the '630 patent. Dkt. No. 50-3, Buche Decl. ¶ 5. On February 16, 2017, the PTO granted Defendant's request for ex parte reexamination of the '630 patent. Dkt. No. 50-3, Buche Decl., Ex. C. On April 13, 2017, the Court stayed this case pending the Patent and Trademark Office's reexamination of the '630 patent. Dkt. No. 38.

On March 23, 2018, the PTO issued a notice of intent to issue an ex parte reexamination certificate. Dkt. No. 50-5, Buche Decl., Ex. A at 4. The PTO cancelled

claims 1, 2, 4, 7, 8, 16-22 of the '630 Patent. *Id* at 5. However, the PTO amended claims 3, 5, and 9 such that they were now in independent form and incorporated the subject matter of the claims from which they depended, including claim 1. *Id.* On April 20, 2018, the PTO issued an ex parte reexamination certificate for the '630 patent incorporating these changes. Dkt. No. 52-5, Buche Decl., Ex. B at 3.

Prior to the stay, on November 11, 2016, MyGo sent Defendant its first "Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("First Disclosures") under Patent Local Rule 3.1. Dkt. No. 52-2, Buche Decl. ¶ 2, Ex. A. These disclosures asserted only claims 1, 2, 4, 7, and 16-22 of the '630 patent. On April 17, 2018, Magistrate Judge Ruben B. Brooks held a telephonic status conference with the parties, wherein Plaintiff's counsel indicated that MyGo was going to assert additional claims of the '630 patent that were confirmed as patentable during ex parte reexamination. Dkt. No. 56-1, Coddington Decl. ¶ 3. Plaintiff did not request or brief a motion for leave to amend. On April 17, 2018, Magistrate Judge Brooks issued a Scheduling Order stating in relevant part:

> 1. On or before <u>May 1, 2018</u>, each party claiming patent infringement shall separately serve on all parties a Disclosure of Asserted Claims and Preliminary Infringement pursuant to Patent L.R. 3.1 and produce documents as required by Patent L.R. 3.2.

Dkt. No. 49 at 1. On May 1, 2018, MyGo submitted an amended "Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("Second Disclosures") which now asserted claims 3 and 5 of the '630 patent. Dkt. No. 52-2, Buche Decl. ¶ 4, Ex. C.

## II. MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Mootness

Under Federal Circuit law, "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed.

Cir. 2013). "Suits based on cancelled claims must be dismissed for lack of jurisdiction." *See SHFL Entertainment, Inc. v. DigiDeal Corp.*, No. 2016-2705, 2018 WL 2049238, at *3 (Fed. Cir. May 2, 2018). *See also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.") (internal citations and quotation marks omitted).

During reexamination, "if the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails." *Fresenius*, 721 F.3d at 1340. "Even if the claim is amended during reexamination to render the claim valid, no suit can be maintained for the period prior to the validating amendment." *Id.* at 1339.

Defendant requests that the Court grant summary judgment as to Plaintiff's patent infringement claim and as to its counterclaim for invalidity of the asserted claims of the '630 Patent because such claims were cancelled by the PTO.

1. **Cancelled Claims**

Here, the PTO cancelled claims 1, 2, 4, 7, 8, 16-22 of the '630 patent. *See* Dkt. No. 50-5, Buche Decl., Ex. A. Consequently, the Court concludes that any causes of action associated with those specific claims are moot because no live controversy exists as to those claims. Summary judgment is not appropriate as to these claims because they are now moot. Accordingly, the Court finds that any Plaintiff's patent infringement cause of action asserting infringement of claims 1, 2, 4, 7, 8, and 16-22 of the '630 patent is **MOOT**. *See SHFL Entertainment*, 2018 WL 2049238, at *3 (vacating entry of summary judgment as to cancelled claims and remanding to dismiss for lack of jurisdiction); *Am. Tech.*

*Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544(KAM)(GRB), 2018 WL 1525686, at *8 (E.D.N.Y. Mar. 27, 2018) (dismissing as moot portion of infringement claims cancelled by the PTO during inter partes review).

2. **Claims 3 and 5[1]**

The Court next considers whether the entirety of Plaintiff's patent infringement cause of action should be dismissed as moot at this time. Plaintiff's patent infringement cause of action alleges that Defendant's product is willfully infringing "one or more claims set forth in the '630 patent." Dkt. No. 1, Compl. ¶ 19. Plaintiff's complaint raises specific examples of infringed claims of the patent including claim charts delineating infringement of claims 16 and 1 of the patent. Plaintiff's complaint also specifically states that it "reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Pursuant to CivLR 3.1, MyGo will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement charts submitted herewith)." Dkt. No. 1, Compl. ¶ 22. However, Plaintiff's First Disclosures—provided to Defendants prior to the reexamination procedure—did not assert recently amended claims 3 and 5, and instead alleged only infringement of the claims that were recently cancelled by the PTO.[2]

---

[1] In its reply to the Motion for Partial Summary Judgment, Defendant observes that litigating infringement of claims 3 and 5 would be pointless due to the doctrine of intervening rights. That issue is not relevant to this instant motion. *See* Dkt. No. 55 at 5.

[2] On May 2, 2018, the Federal Circuit issued a decision in *SHFL Entertainment v. DigiDeal Corporation*, 2018 WL 2049238, at *4 (Fed. Cir. May 2, 2018), where the Federal Circuit held that the "question of whether [a cause of action] is moot as to the new and *amended* claims that emerged from the reexaminations of the two patents, therefore necessarily depends on whether those claims are substantially identical to the originally asserted claims." (emphasis added). The district court in *DigiDeal* failed to evaluate whether the post-reexamination claims were substantially identical to the originally asserted claims. The Court finds that this analysis is inapplicable to the instant action because

In *Target Training Intern., Ltd. v. Extended Disc. North America, Inc.*, 645 F. App'x 1018 (Fed. Cir. 2016), the Federal Circuit considered whether claims newly added to a patent during a reexamination that cancelled asserted claims were automatically added to pending infringement litigation. There, the district court dismissed the newly added claims because (1) Target did not allege infringement on the new claims at the time the complaint was filed because the newly added claims did not exist and (2) that Target was bound to its preliminary infringement contentions issued prior to the reexamination. *See id.* at 1024. In particular, the Federal Circuit emphasized that there was "no authority for the proposition that *unasserted* patent claims must be considered by the district court prior to a dismissal of a case based on cancelled *asserted* claims. We know of no authority that so states." *Id.*

This case is substantially similar to the facts at issue in *Target Training*. While here the PTO amended existing claims 3 and 5 as opposed to adding entirely new claims, at no point in the litigation—prior to the recently set May 1, 2018 deadline—did Plaintiff ever assert infringement of claims 3 and 5. Consequently, Plaintiff's cause of action was based exclusively on "cancelled *asserted* claims." *See id.*

Critical to this question is whether Plaintiff is bound by their prior asserted claims and preliminary infringement contentions unless leave of court is provided. The Court agrees with the *Target Training* court—and finds that Plaintiff is bound by their prior asserted claims absent leave to amend. Such reasoning is supported by cases where

---

unlike in *DigiDeal* where the amended claims had been specifically asserted in the initial pre-reexamination disclosures, MyGo never sought to include claims 3 or 5 in the action until *after* the reexamination proceedings had concluded. *See S*, at *1 (first set of disclosures on March 12, 2013 disclosed assertion of claims 1-3, 42-44, and 46 of the '982 patent, while second disclosure issued on January 17, 2016 involved amended claims 1-3, 42-44 and 46, the same amended claims originally disclosed). Therefore, the "substantially identical" analysis is inapplicable because there would necessarily be no "originally *asserted* claim" to compare the amended claims to. *Id.* at *4 (emphasis added).

6

Plaintiffs have specifically sought—via motions for leave to amend—to add claims different than those originally asserted after PTO reexamination. *See, e.g.*, *Wave Loch, Inc. v. Am. Wave Machines, Inc.*, No. 08-CV-928 BAS NLS, 2014 WL 7261552, at *1 (S.D. Cal. Oct. 1, 2014) (denying motion for leave to amend to add previously unasserted claims after conclusion of ex parte reexamination); *Lotes Co., Ltd. v. Hon Hai Precision Industry Co., Ltd.*, 2017 WL 282583, at *6 (N.D. Cal. 2017) (granting leave to amend complaint to reflect outcomes of concluded reexaminations of patents in suit); *ZiLOG, Inc. v. Quicklogic Corp.*, No. C03-03725 JW, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006) (allowing leave to amend initial disclosures of asserted claims to add an additional claim in the patent after ex parte reexamination proceeding); *NetAirus Techs., LLC v. Apple, Inc.*, No. LA CV10-03257 JAK EX, 2012 WL 12124908, at *5 (C.D. Cal. Dec. 5, 2012) (denying leave to amend as to certain patent claims where "Plaintiff has offered no good cause to resurrect claims that it either had not asserted or withdrawn earlier in the case"). Consequently, the Court finds that a motion for leave to amend is required in order to add previously unasserted claims in the first instance after ex parte reexamination.

Further, the Court is persuaded by Defendant's argument that Local Rule 3.6(a)[3] provides a matter of right amendment only for amended infringement contentions, not for amended asserted claims. *Compare* L.R. 3.6(a) (Amended and Final Contentions stating "As a matter of right, a party asserting infringement may serve Amended *Infringement Contentions* no later than the filing of the parties' Joint Claim Construction Chart.") with L.R. 3.1 ("Not later than fourteen (14) days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of *Asserted*

---

[3] The Federal Circuit has held that "[l]ocal patent rules are essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)

*Claims* and Infringement Contentions.") (emphasis added).[4] Furthermore, in *Multimedia Patent Tr. v. Apple Inc.*, Judge Huff declined to allow a Rule 3.6[5] amendment under substantially similar facts where plaintiff was attempting to add new claims within a patent for the first time without leave of the court. She reasoned:

> MPT's final infringement contentions allege for the first time that the CAN–1 products infringe claims 31 and 32 of the ′878 Patent. These changes are amendments with respect to the information required by Patent Local Rule 3.1(b). This rule requires counsel to provide a list of which accused products infringe which asserted claims. Therefore, MPT's amendments with respect to claims 31 and 32 of the ′878 Patent are not permitted under Patent Local Rule 3.6. . . . .
>
> The only amendments that could be permitted under Rule 3.6 are amendments to the contentions related to claim 13 because that *claim was asserted* against the CAN–1 products in the prior contentions.

No. 10-CV-2618-H KSC, 2012 WL 4547449, at *3 (S.D. Cal. Sept. 28, 2012), at *3 (emphasis added). Similar to *Apple* where MPT attempted to assert infringement contentions regarding new claims in contravention of Patent Local Rule 3.1(b), the Court concludes that matter of right amendments provide only a right to amend infringement contentions of *previously* asserted claims pursuant to Rule 3.1(b).

Accordingly, the Court concludes that like in *Target Training*, the proper remedy is a dismissal of the entire patent infringement cause of action. *See Target Training*, 645 F. App'x at 1023 (rejecting proposition that "*unasserted* patent claims must be considered by

---

[4] The Court does not view the magistrate judge's inclusion of this deadline in the post-reexamination Scheduling Order to provide a matter of right amendment to the disclosure of new "asserted claims." Plaintiffs' have never formally requested leave to amend to add their previously unasserted claims.

[5] Judge Huff's decision considered an older version of Rule 3.6, but the underlying reasoning of her decision remains applicable to the current rules. The Southern District of California amended its Patent Local Rules on February 8, 2013. *See Multimedia*, 2013 WL 5779645, at *11.

8

the district court prior to the dismissal of a case based on cancelled *asserted* claims.") (emphasis in original). However, unlike in *Target Training*, where the district court did not specify whether the dismissal was without prejudice, this Court will dismiss the patent infringement cause of action without prejudice. *See id.* at 1022 ("The court's order did not specify whether it was dismissing with or without prejudice."). In particular, the Court recognizes that the Federal Circuit in *Target Training* emphasized the importance of allowing opportunities to a post-reexamination plaintiff to seek leave to amend. *See id.* at 1025 ("A district court has no obligation to provide relief not sought. Because TTI failed to assert the newly added claims, despite opportunities to do so, the district court did not err by dismissing the case as moot."). Accordingly, Plaintiff may submit a motion for leave to amend to actually assert the claims at issue (3 and 5) and the parties may litigate any such motion at that time.

### III. Motion to Strike

Defendant also moves to strike Plaintiff's Second Disclosures as in violation of the local rules. Plaintiff argues that Magistrate Judge Brooks' Case Management Order allowed implicit leave to amend by resetting dates for initial disclosures of asserted claims and infringement contentions.

As stated above, this Court views *Target Training* to hold that leave to amend is required to maintain a patent infringement action where previously unasserted patent claims are asserted in the first instance only after the PTO has newly added or amended such claims. *See also Wave-Loch*, 2014 WL 7261552, at *2-3. As claims 3 and 5 were never asserted in this litigation prior to the PTO's decision, the Court dismisses the patent infringement action above without prejudice. This rule recognizes the holding in *Target Training* that parties may be bound to their prior asserted claims and infringement contentions absent leave to amend. Moreover, this decision is in accord with the general

9

policy rationale of the Local Patent Rules requiring that plaintiffs crystallize their patent infringement theories in the early stages of litigation. *See Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, at *2 (N.D. Cal. Nov. 30, 2012) (Patent Local Rule 3.1 is intended to require the party claiming infringement to "crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed."); *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1364 (Fed. Cir. 2006) (Particular to patent cases, infringement and invalidity contentions are "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction.") (internal quotation marks omitted).

Based on the Court's above ruling, no patent infringement action presently exists in this case at this time. Accordingly, the motion to strike the Second Disclosures is **MOOT**.

## CONCLUSION

The Court **DISMISSES**, for lack of jurisdiction, Plaintiffs' First Cause of Action alleging patent infringement. Further, the Court **DENIES AS MOOT** Defendant's Motion to Strike Plaintiff's Second Amended Invalidity Contentions. The Court **VACATES** the hearing currently set for July 20, 2018.

**IT IS SO ORDERED.**

Dated: July 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge